UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LB ADVISORS, LLC

                Plaintiff,

        -against-

JEFFREY TYO; PERRAS EXCAVATING, INC.;
PERRAS ENVIRONMENTAL CONTROL, INC.;
PERRAS CONSTRUCTION SERVICES, INC.;
BOB TESKA; and BOWERS & COMPANY
CPAS PLLC.
                Defendants.

**COMPLAINT**

Civil Action No.: 8:23-cv-111 (BKS/CFH)

---

Plaintiff, LB Advisors, LLC ("LB"), by and through its attorneys, Whiteman Ostermann & Hanna LLP, and Bonds Ellis Eppich Schafer Jones LLP, complains in the above captioned action against Jeffrey Tyo, Perras Excavating, Inc., Perras Environmental Control, Inc., Perras Construction Services, Inc. (Tyo and the Perras companies collectively as "Perras"), Bob Teska, and Bowers & Company CPAs PLLC ("Bowers & Company") (all together "Defendants") and alleges as follows:

## SUMMARY OF ALLEGATIONS

1.  Perras conspired with Bob Teska and Bowers & Company to misrepresent the fundamentals of a $38,000,00.00 deal, then back-out of the deal at the last minute, leaving LB with hundreds of thousands of dollars in deal expenses. Defendants' misrepresentations and last-minute torpedoing of the deal breached the contract between Perras and LB, and Perras' duty to negotiate in good faith. As a result, Perras is obligated under contract to reimburse $250,000.00 of LB's deal expenses and the Defendants are liable for the damages caused by their misrepresentations and failure to act in good faith.

## PARTIES

2.      LB Advisors, LLC ("LB") is a Delaware limited liability company with a principal place of business in Los Angeles, California. LB has two members, both of whom are natural persons. One member of LB is a resident of Santa Monica, California and the other member is a resident of West Vancouver, British Columbia. Neither member is a resident of the State of New York.

3.      Jeffrey Tyo is a resident of New York and the chief executive officer of Perras Excavating, Inc., Perras Environmental Control, Inc., and Perras Construction Services, Inc.

4.      Perras Excavating, Inc. is a New York corporation whose principal place of business is located at 1909 State Highway 420, Massena, New York 13662.

5.      Perras Environmental Control, Inc. is a New York corporation whose principal place of business is located at 1909 State Highway 420, Massena, New York 13662.

6.      Perras Construction Services, Inc. is a New York corporation whose principal place of business is located at 1909 State Highway 420, Massena, New York 13662.

7.      Bob Teska ("Teska") a resident of New York and partner with Bowers & Company.

8.      Bowers & Company is a New York professional limited liability company whose principal place of business is located at 120 Madison Street, 1700 Equitable Tower No. 2, Syracuse, New York.

## JURISDICTION AND VENUE

9.      This Court has diversity jurisdiction over this lawsuit because the amount in controversy exceeds $75,000.00 and the members of plaintiff and the defendants reside in, maintain their principal place of business in, and are incorporated in diverse states.

10. Venue is proper in this Court as the acts and occurrences giving rise to the claims herein occurred in or around Onondaga County, New York and LB and Perras consented to "jurisdiction in any state or federal court sitting in Onondaga County, New York" via a permissive forum selection clause. *See Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224-25 (2d Cir. 2011) (discussing applicability of permissive forum selection clause).

## FACTUAL BACKGROUND

11. LB is a private equity firm that invests in companies like Perras.

12. Teska is a certified public accountant with Bowers & Company. Both served as Perras' accountants on the deal and also acted in the role of chief financial officer for the Perras entities.

13. LB and Perras entered into a letter of intent, executed as of May 6, 2022, contemplating LB's purchase of the majority shares of Perras (the "Letter of Intent" or "LOI").

14. Jeffrey Tyo is named as the Seller in the LOI and he signed on behalf, and as president, of "Perras Excavating, Inc. and its affiliates." The affiliates include Perras Environmental Control, Inc. and Perras Construction Services, Inc.

15. The LOI proposed a valuation (and purchase price) of the shares based on a multiplier of Perras' consolidated EBITDA (earnings before interest, taxes, depreciation, and amortization). LB would later learn that Perras had misrepresented these metrics.

16. On July 6, 2022, Perras, by and through Teska and Bowers & Company, presented LB with trailing twelve-month EBITDA data through April of 2022. The data reflected metrics consistent with the valuation set out in the LOI.

17. Upon information and belief, Defendants knew on July 6, 2022 that the data it provided did not accurately reflect the current financial state of Perras. There was a significant

3

drop-off in earnings during May and June of 2022—a drop-off that would change the valuation of the deal. Rather than provide LB with accurate information, Defendants purposefully provided cherry-picked data to make it appear that Perras was worth more than it was.

18. Defendants' goal was to keep LB in the deal until the LOI lapsed so that Perras could use that expiration as an excuse to walk away rather than disclosing the decreased valuation.

19. Further, Perras, through Jeffrey Tyo, represented to LB at the time of executing the LOI that Jeffrey Tyo, as the day-to-day operator of Perras, would enter into a validity guaranty (a "bad boy" guaranty) where Jeffrey Tyo would guarantee against his own fraud, misappropriation, or other willful misconduct in his role as day-to-day operator of Perras.

20. Perras reaffirmed that representation just prior to LB's execution of the term sheet with the lender funding the deal—a term sheet that made the lender's funding contingent on the "bad boy" guaranty.

21. This representation was false. When Perras walked away from the deal at the last minute, part of the excuse was that Jeffrey Tyo was not actually willing to enter into a standard validity guaranty.

22. In Section 5 of the LOI, Perras agreed that if it walked away from the deal without there being a material change in the terms as they were contemplated in the LOI, then Perras was obligated to reimburse LB for up to $250,000.00 of its expenses related to the deal. The LOI calls this the "Company Reimbursement Obligations."

23. Despite no material change in terms, Perras walked away from the deal when it was near completion and after LB had incurred $520,077.00 in fees and expenses related to the deal.

**AS AND FOR A FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Perras)**

24. LB adopts by reference the allegations contained above, and incorporates the allegations as if fully set forth herein.

25. LB and Perras entered into a legally binding agreement.

26. The LOI provides, and Perras agreed, that the Company Reimbursement Obligations are legal binding and enforceable obligations.

27. Perras walked away from the deal, at the last minute, and without any material change in terms.

28. LB demanded that Perras fulfill its reimbursement obligation. Perras refused.

29. Perras breached the LOI by refusing to fulfill its reimbursement obligation.

30. As a result of Perras' breach, LB has lost the benefit of the bargain of the LOI and is entitled to $250,000.00 in damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### MISREPRESENTATION
### (All Defendants)

31. LB adopts by reference the allegations contained above, and incorporates the allegations as if fully set forth herein.

32. Perras represented to LB that Jeffrey Tyo would enter into a validity guaranty as a condition of the deal. This representation was false. Jeffrey Tyo was not actually willing to enter into a validity guaranty. Perras knew this representation was false because it was a representation of the intent of Jeffrey Tyo made by Jeffrey Tyo. Perras made the representation with the intent that LB would rely on it and engage in the deal. By ensuring that LB committed assets to pursuing the deal, Perras believed it could build leverage that could be used to further the true intent of not having Jeffrey Tyo enter into a validity guaranty.

33. Defendants represented to LB that Perras' EBITDA was higher than it truly was. This representation was false. Defendants knew the representation was false because the recent negative data was purposefully left out. Defendants made the representation with the intent that LB would rely on it and continue with the deal, so that Perras could string the deal along until the LOI lapsed.

34. LB relied on Defendants' misrepresentations to its detriment. As a result, LB suffered harm in the form of damages in excess of $250,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
#### BREACH OF DUTY OF GOOD FAITH
**(All Defendants)**

35. LB adopts by reference the allegations contained above, and incorporates the allegations as if fully set forth herein.

36. The LOI constitutes a legitimate agreement to agree conditioned on LB and Perras' negotiation of a future purchase agreement.

37. Perras, Teska, and Bowers & Company had an extra-contractual duty to negotiate with LB in good faith.

38. Perras, Teska, and Bowers & Company breached that duty by misrepresenting the consolidated EBITDA, misrepresenting Jeffrey Tyo's willingness to enter into a validity guaranty, and walking away from the deal at the last minute.

39. Perras, Teska, and Bowers & Company's breaches proximately caused damages to LB in excess of $250,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### AIDING & ABETTING
**(Teska and Bowers & Company)**

40. LB adopts by reference the allegations contained above, and incorporates the allegations as if fully set forth herein.

41. Teska and Bowers & Company provided Perras with substantial assistance in making and reaffirming Perras' misrepresentations to LB and, in the alternative, breaching the duty to negotiate in good faith. As the accountant and acting chief financial officer for Perras, both assisted Perras in delaying the transaction, ensuring the continued accumulation of costs by LB.

Both had actual knowledge of Jeffrey Tyo's true intent and presented false financial metrics. Their assistance in Perras' misrepresentations and bad faith caused damages to LB in excess of $250,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
### CIVIL CONSPIRACY
### (All Defendants)

42. LB adopts by reference the allegations contained above, and incorporates the allegations as if fully set forth herein.

43. Perras, Teska, and Bowers & Company acted in concert and conspired to misrepresent crucial aspects of the transaction between Perras and LB. Each reaffirmed Perras' misrepresentations to LB and choreographed the deal process to hide Jeffrey Tyo's true intent, and the true value of Perras, so that LB would continue to incur significant expenses. Their intentional participation in these planned misrepresentations was an attempt, in bad faith, to leverage LB's sunk costs into either better terms for Perras or an excuse to walk away.

44. As a result of Defendants' concerted actions, LB suffered damages in excess of $250,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, LB Advisors, LLC prays that Defendants; Jeffrey Tyo, Perras Excavating, Inc., Perras Environmental Control, Inc., Perras Construction Services, Inc., Bob Teska, and Bowers & Company CPAs PLLC; be summonsed to appear and answer, and that, on final trial, LB Advisors, LLC be granted judgment against Jeffrey Tyo, Perras Excavating, Inc., Perras Environmental Control, Inc., Perras Construction Services, Inc., Bob Teska, and Bowers & Company CPAs PLLC for which it may be entitled, including but not limited to:

   a. Actual damages;

   b. Prejudgment and post judgment interest;

   c. Court costs;

   d. Attorneys' fees; and

   e. For such other relief as LB Advisors, LLC is justly entitled.


Dated: January 26, 2023                WHITEMAN OSTERMAN & HANNA LLP

                                       *s/ John J. Henry*

                              By:      _____
                                       John J. Henry, Esq. (Bar Roll No. 507445)
                                       *Attorneys for Plaintiff*
                                       One Commerce Plaza
                                       Albany, New York 12260
                                       518.487.7600
                                       jhenry@woh.com

                                       Bonds Ellis Eppich Schafer Jones LLP
                                       Josh Eppich, Esq. *
                                       Andrew Russell, Esq. *
                                       420 Throckmorton Street, Suite 1000
                                       Fort Worth, Texas 76102
                                       817.529.2726
                                       joshua@bondsellis.com

                                       * Pro hac vice application to be submitted